IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MAURICE JEROME MARBRAY,
ADC #94193                                                                                            PLAINTIFF

v.                                          2:09CV00115BSM/HLJ

GREG HARMON, et al.                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

By Order dated August 26, 2009 (DE #3), this Court granted plaintiff's application to proceed in forma pauperis in this lawsuit filed pursuant to 42 U.S.C. § 1983. However, finding plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed plaintiff to amend his complaint. Plaintiff has now filed an amended complaint (DE #5).

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and

must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S.Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915A(b)(2), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). In his original and amended complaints, plaintiff states the defendants violated his due process rights by refusing to process his grievances with respect to "stipulations that I enroll in and be transfered (sic) to a program unit by the ADC Parole Board." (DE #5, p. 4). He also appears to say defendants' delay in processing his complaints has affected his ability to transfer to another Unit and to participate in a prison (RSVP) program. Plaintiff asks the Court to resolve his grievances and mandate that he be provided the opportunity to complete the correctional program prior to his earliest release date.

To the extent that plaintiff complains about defendants' failure to process grievances, the Court finds the allegation fails to state a claim for relief. In Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), the Court held that a prison grievance procedures is a procedural right only, and does not confer a substantive right on the inmates. Therefore, the Court concluded the procedure "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Id.

Furthermore, the Court also construes plaintiff to complain that defendants are inhibiting his participation in a program, and his transfer to another Unit, which may relate to his parole eligibility. These allegations also fail to state a claim for relief. The Due Process clause does not create a protected liberty interest in any particular prisoner classification or eligibility for rehabilitative programs. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). In addition, the clause does not create a protected liberty interest in the possibility of future parole or release before expiration of a validly-imposed sentence. See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979).

In addition, any liberty interests arising from state law are limited to freedom from restraint which imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In Arkansas, changes in a classification level are not considered such hardships. Arkansas statutes provide that the Board of Correction is granted broad discretion in setting forth rules and regulations governing state correctional facilities and in classifying inmates according to, among others,

job responsibilities and involvement in rehabilitative activities. See Ark. Code Ann. §§ 12-29-101, 12-29-103(a), and 12-29-202(a)(3). In addition, such provisions grant ADC officials broad discretion in determining an inmate's eligibility to participate in vocational, educational and rehabilitative activities within the prison system. Id. at § 12-29-101(d)(2). Finally, an inmate in Arkansas does not have a constitutional right to a particular prison classification. See Madewell v. Roberts, 909 F.2d 1203, 1207 (8th Cir. 1990).

To the extent that plaintiff is complaining about a parole plan, he may seek state court review of a denial of his plan and exhaust his state remedy by filing a declaratory judgment action pursuant to Ark. Code Ann. §§ 16-111-101 et seq., in state court. Lindsey v. Wells, 901 F.2d 96, 97 (8th Cir. 1990). Therefore, the Court finds plaintiff's present complaint should be dismissed for failure to state a claim, and that this dismissal constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1] Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is hereby DISMISSED with prejudice, for failure to state a claim.

IT IS SO ORDERED this 18th day of September, 2009.

*Henry L. Jones, Jr.*
United States Magistrate Judge

---

[1] This statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.